(Jb)

FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(ALEXANDRIA DIVISION)**

2026 JUL 14 A 11:55

| | |
|---|---|
| **BEAUFORT NICKSON**<br>**12639 MILLSTREAM DRIVE**<br>**BOWIE, MARYLAND. 20715**<br><br>**PLAINTIFF,**<br><br>**V.**<br><br>**KODY IMPORTS III LLC, D/B/A ALEXANDRIA TOYOTA**<br>**2440 CRAIN HWY. WALDORF, MARYLAND. 20601**<br><br>**DEFENDANT,** | **CASE NO.:** 1:26 CV 2098<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

BEAUFORT NICKSON (Plaintiff) Pro Se herein referred to as (Mr. Nickson or Plaintiff) files this complaint against Kody Imports III LLC, d/b/a Alexandria Toyota herein referred to as (Alexandria Toyota or Defendant) for statutory damages from violations of the Federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. 227.

## NATURE OF ACTION

1. This is a consumer protection action brought to remedy Defendant's systemic, deceptive, and non-consensual telemarketing text message campaign that targeted Plaintiff's cellular telephone number.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. 1331.

3. Venue is proper because the Defendant's business is located in this District.

4. This Court has personal jurisdiction over Defendant because the conduct at issue in this case substantially came from Virginia. Defendant sent and/or initiated unauthorized text messages to Plaintiff from this District. U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Prince George's County, Maryland 20715.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. 153(39).

7. Defendant is a Virginia corporation with its business vehicle service department address located at 3750 Richmond Highway, Alexandria, Virginia. 22305.

8. Defendant is a "person" as that term is defined by U.S.C. 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, insurers and third-party vendors acting with the authority to place and send text messages on Defendant's behalf which Defendant facilitated and controlled for its benefit.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number (202) XXX-0048 that he's had for 25 years with the same wireless service provider and is charged monthly for his service plan.

11. Plaintiff is the only regular user, subscriber and carrier of this cellular telephone and uses it as his residential phone as it's the only phone he has.

12. Plaintiff's cellular telephone number has been registered on the "National Do Not Call Registry" since November 16, 2018. Please see Plaintiff's Exhibit [#1] ("DNC" Registry).

13. Plaintiff was a one-time Customer of the Defendant's and took his vehicle in for service on Wednesday January 25, 2023. Plaintiff was asked to provide his cell phone number for the limited purpose of being updated about the repair work being performed on his vehicle, so he did. Plaintiff, shortly thereafter, received the following text message from the Defendant's service department from a (703) 215-1107 number with the following message "Just confirming that I'll update you about your xb by text. If you have any questions while it is in our care, please text me back. Thanks-Tommy". Plaintiff responded, "Okay thank you." At no time did Plaintiff give consent to the Defendant to send in the future, unsolicited, unwanted and deceptive telemarketing automotive service-related text messages to his cell phone. Please see Plaintiff's Exhibit [#2] (Initial Text from Defendant's Service Dept. and Plaintiff's reply).

14. The Defendant sent eleven (11) identical, unsolicited, unwanted and deceptive automotive service-related telemarketing text messages which all failed to identify its business name and sent from the same ten (10) digit long code number (571) 609-4956 to Plaintiff's cell phone without consent.

15. Defendant's first unsolicited, unwanted and deceptive telemarketing text message sent to Plaintiff's cellphone without consent was from a ten (10) digit long code number (1-571-609-4956) on Monday May 19, 2025, at 12:13 P.M. with the following message: "Hey

Beaufort, need service soon? We just sent you some offers to help keep your Toyota in great shape this month. Check your email or call us at 276-800-6560 to get started! Send STOP to opt out." Plaintiff was annoyed, aggravated, and frustrated he received Defendant's text message which failed to identify its business name and when Plaintiff called the number in the text message which is not listed anywhere on the Defendant's website he heard in a male automated voice the following recorded **message "To provide the very best service this call may be recorded. Thank you for calling Jack Taylor's Alexandria Toyota one of our appointment coordinator's will be with you shortly, did you know you could make a vehicle service appointment online and without having to create a username and password, just go to our website, click on service and you can make your appointment quickly and easily 24/7."** Video Recorded. Plaintiff checked his email and there were no such offers sent by the Defendant.

16. Defendant's second unsolicited, unwanted and deceptive telemarketing text message sent to Plaintiff's cellphone without consent was on Monday June 23, 2025, at 1:51 P.M. Plaintiff was trying to eat lunch when he heard and read Defendant's annoying text message and again checked his email for offers the defendant claimed it sent but did not which frustrated and annoyed Plaintiff.

17. Defendant's third unsolicited, unwanted and deceptive telemarketing text message sent to Plaintiff's cellphone without consent was on Monday July 14, 2025, at 1:40 P.M. Plaintiff was enroute to an appointment when he heard the audible sound of Defendant's nuisance text message and was distracted and aggravated.

18. Defendant's fourth unsolicited, unwanted and deceptive telemarketing text message sent to Plaintiff's cellphone without consent was on Tuesday August 19, 2025, at 12:33 P.M.

Plaintiff was disturbed by the audible sound of Defendant's unwanted text as it interrupted his afternoon routine but checked his email again to see if the Defendant had sent any auto service-related offers and yet again no such offers were sent. Plaintiff was agitated by Defendant's false claims.

19. Defendant's fifth unsolicited, unwanted and deceptive telemarketing text message sent to Plaintiff's cellphone without consent was on Monday September 22, 2025, at 4:57P.M.

Plaintiff was preparing dinner when he was disturbed by the audible sound of Defendant's text message and checked his email again to see if Defendant had sent the claimed offers but no such offers were sent. Plaintiff felt drained reading the same unwanted messages and checking for email offers the Defendant never sent.

20. Defendant's sixth unsolicited, unwanted and deceptive telemarketing text message sent to Plaintiff's cellphone without consent was on Wednesday October 15, 2025, at 3:51 P.M. Plaintiff checked his email and yet again no such offers were sent. Plaintiff was frustrated, annoyed, angered and tired of Defendant's deceptive text messages.

21. Defendant's seventh unsolicited, unwanted and deceptive telemarketing text message sent to Plaintiff's cellphone without consent was on Monday November 10, 2025, at 5:02 P.M. Plaintiff was eating dinner and was distracted by the audible sound of Defendant's text message. Plaintiff again checked his email and like all the other times there were no such email offers from the Defendant. Plaintiff felt harassed and annoyed by Defendant's deceptive text messages.

22. Defendant's eighth unsolicited, unwanted and deceptive telemarketing text message sent to Plaintiff's cellphone without consent was on Monday December 08, 2025, at 5:12 P.M.

Plaintiff was aggravated that he would receive another unwanted deceptive text message from the Defendant claiming it sent automotive service-related offers to his email and like all the other times, Plaintiff checked his email and no such offers were sent.

23. Defendant's ninth unsolicited, unwanted and deceptive telemarketing text message sent to Plaintiff's cell phone without consent was on Tuesday January 13, 2026 at 1:53 P.M. Plaintiff was enroute to an appointment when he was interrupted by the audible sound of Defendant's deceptive text message again claiming to have sent email offers related to service for his vehicle and yet again no such offers were sent. Plaintiff was frustrated and annoyed.

24. Defendant's tenth unsolicited, unwanted and deceptive telemarketing text messages sent to Plaintiff's cell phone without consent was on Monday February 16, 2026 at 12:22 P.M. Plaintiff felt harassed by Defendant's deceptive text message as Plaintiff checked again to see if any offers were sent to his email and none were.

25. Defendant's eleventh unsolicited, unwanted and deceptive telemarketing text message sent to Plaintiff's cell phone without consent was on Wednesday March 11, 2026 at 1:00 P.M. Plaintiff was on his way home when he was disturbed by the Defendant's deceptive text message claiming yet again to have sent offers for automotive service to his email and like all the other times Plaintiff went and checked his email and no such offers were ever sent by the Defendant. Plaintiff felt aggravated and harassed. Please see Plaintiff's (Exhibit # 3 Defendant's 11 text messages.)

26. Plaintiff was a one-time customer of the Defendant's and did not inquire about any service-related matters from the Defendant's business after his first and only service visit.

Any established business relationship (EBR) with the Defendant's business had expired, as the Defendant's first unsolicited and unwanted deceptive text message was sent twenty-seven (27) months after Plaintiff's first and only visit well beyond the eighteen (18) month (EBR) timeframe. Plaintiff never replied "STOP" to opt-out of Defendant's text messages because Plaintiff never "Opted-In." and was under no legal obligation to do so.

27. Plaintiff did not provide his prior express written consent, prior express consent, verbal consent or implied consent, allowing the Defendant to send text messages to his cellular phone.

28. The text messages sent to Plaintiff's cellular phone by the Defendant were not for emergency purposes as described in 47 U.S.C. 227 (B)(1)(A).

29. The Defendant has no record of Plaintiff giving consent in any medium to receive telemarketing text messages on his cell phone.

30. Under the "TCPA" and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided it with prior express written consent within the meaning of the statue.

31. Defendant's text messages to Plaintiff's cell phone were not in response to any inquiry and were not informational, transactional, conversational or necessary.

32. Defendant did not purchase and download the do not call list registry for area code (202) before illegally texting Plaintiff's cell phone eleven (11) times.

33. Defendant did not have any TCPA policies or procedures in place to keep from sending unwanted text messages to Plaintiff's cell phone, alternatively, if the Defendant did have such policies and procedures in place it failed to follow them.

34. Plaintiff never filled out any webform submissions giving Defendant consent to contact him on his cell phone.

35. Plaintiff never received an email message confirmation from the Defendant stating he opted-in giving consent to receive telemarketing text messages on his cell phone.

36. Plaintiff never received a ("Welcome") text message confirmation from the Defendant stating he opted-in giving consent to receive text messages on his cell phone.

37. Plaintiff never entered into an agreement with the Defendant to receive automotive telemarketing text messages on his cell phone and never received any disclosures stating he opted- in or could opt-out of receiving any such communications.

38. Defendant's acts as described above were done willfully and knowing and in violation of the (TCPA) and with disregard for Plaintiff's rights under the law.

39. Due to the conduct alleged herein, Plaintiff has suffered concrete intangible and particularized harms in the form of lost time spent reading unwanted text messages and loss use of his cellular telephone as the text messages came in, low storage space warnings, cellphone battery drainage, annoyance, aggravation, distraction, frustration, nuisance and intrusion upon Plaintiff's seclusion and disturbing his peace.

40. As a result of the above violations of the (TCPA) Plaintiff has suffered the losses and damages set forth above, entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT I

### Defendant Violated the "TCPA" 47 U.S.C. 227
### Failure to Identify Business Name/Telemarketing Caller ID 47 C.F.R. 64.1601(e)

41. Plaintiff incorporates the forgoing paragraphs as though the same were fully set forth at length herein.

42. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. 64.1601(e)(1).

43. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing eleven (11) telemarketing calls/text messages to be initiated to Plaintiff in a twelve (12) month period, without transmitting the name of the telemarketing/dealership despite such option for transmission of accurate CNAM information being available by its carrier.

44. Plaintiff does not have an established business relationship with the defendant and did not inquire about any services or products the defendant provides. Alternatively, if Plaintiff did have an established business relationship (EBR) with the Defendant that (EBR) had expired well beyond the (18) month timeframe as the Defendant sent the first text message twenty-seven (27) months after Plaintiff's first and only service visit Wednesday January 25, 2023.

45. Defendant knew it did not have Plaintiff's invitation or permission to contact him on his cell phone.

46. Defendant's acts as described above were done with willful, knowing and negligent disregard for Plaintiff's rights under the law.

47. The acts and/or omissions of Defendant were done unfairly, unlawfully, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

48. As a result of the above violations of the Telephone Consumer Protection Act (TCPA) Plaintiff has suffered concrete intangible and particularized harms and has under (Article III) standing, a legal right conferred by Congress to seek redress from the Defendant's unwanted, unsolicited text messages which caused wasted time reading text messages and distraction, nuisance, intrusion upon his seclusion and disturbing his personal peace. With the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**COUNT II**
**Defendant Violated the "TCPA" 47 U.S.C. 227 (c)**
**("Do Not Call" Registry DNC)**

49. Plaintiff incorporates the forgoing paragraphs as though the same were fully set forth at length herein.

50. The "TCPA" prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government this also includes cellular phones. 47 U.S.C. 227 (c).

51. Plaintiff has received eleven (11) unsolicited deceptive telemarketing text messages on his residential cellphone from the same Defendant in a twelve (12) month period with the

purpose of encouraging Plaintiff to purchase its automotive related products or services despite his number being on the Do Not Call Registry since November 16, 2018.

52. The acts and/or omissions of Defendant were done unfairly, unlawfully, and absent bona fide error, lawful right legal defense, legal justification or legal excuse.

53. As a result of the above violations of the "TCPA", Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff Beaufort Nickson respectfully prays for judgement as follows.

a. All actual damages Plaintiff suffered as provided under 47 U.S.C. 227.

b. Statutory damages of $500.00 per violative telephone call/text as provided under 47 U.S.C. 227 (c);

c. Statutory damages of $500.00 per violative telephone call/text as provided under 47 C.F.R. 64. 1601(e)(1).

d. Treble damages of $1,500.00 per violative telephone call/text as provided under 47 U.S.C 227 (c);

e. Treble damages in the amount of $1,500.00 per violative telephone call/text as provided under 47 C.F.R. 64.1601(e)(1).

f. $3,000.00 per call/text for the eleven (11) illegal text messages Defendant placed violating multiple provisions of the "TCPA" for a total of $33,500.00 Dollars.

g. Court cost and fees and any other relief this Honorable Court deems appropriate.

***DEMAND FOR JURY TRIAL***

PLEASE TAKE NOTICE that Plaintiff, Beaufort Nickson, demands a jury trial in this case.

Dated: July 14, 2026,

Respectfully submitted

07 14 2026

Beaufort Nickson
12639 Millstream Drive
Bowie, Maryland. 20715
(202) 215-0048
beaufortnickson@yahoo.com
*Plaintiff pro se*

(JB)

FILED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
ALEXANDRIA **DIVISION**

2026 JUL 14 A 11:55

BEAUFORT NICKSON
**Plaintiff(s),**

**v.**

**Civil Action Number:** 1:26 CV 2098

KODY IMPORTS III LLC, D/B/A ALEXANDRIA TOYOTA
**Defendant(s),**

## LOCAL RULE 83.1 (N) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared or assisted in the preparation of** CIVIL COMPLAINT AND SUMMONS.
**(Title of Document)**

BEAUFORT NICKSON
Name of *Pro Se* Party (Print or Type)

[signature]
Signature of *Pro Se* Party

Executed on: jULY 14, 2026 (Date)

**OR**

**The following attorney(s) prepared or assisted me in preparation of** N/A.
**(Title of Document)**

N/A
(Name of Attorney)

_______________
(Address of Attorney)

_______________
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_______________
(Name of *Pro Se* Party (Print or Type)

_______________
Signature of *Pro Se* Party

Executed on: _______________(Date)