**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| BEAUFORT NICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-2098 |
| | ) | |
| KODY IMPORTS III LLC,<br>d/b/a Alexandria Toyota | )<br>) | |
| | ) | |
| Defendant. | ) | |

# ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

The defendant, Kody Imports III LLC, d/b/a Alexandria Toyota ("Kody"), by counsel, hereby respectfully files this Answer to Plaintiff's Complaint, as follows.

1. The allegations of Paragraph 1 purport to summarize Plaintiff's theories in this dispute. Kody denies wrongdoing, denies that Plaintiff is entitled to any relief, and denies any remaining allegations of Paragraph 1.

2. Admitted.

3. Admitted.

4. Based on the limited information set forth in the Complaint, Kody denies sending unauthorized text messages to Plaintiff as alleged. The allegations of Paragraph 4 are therefore denied.

5. Kody is without sufficient information to admit or deny Plaintiff's residence. The allegations of Paragraph 5 are therefore denied.

6. Admitted.

7. Denied, with the exception that Kody admits operating a service department at the address identified.

8. Denied. It is unclear what is referenced by "U.S.C. 153(39)."

9. Denied.

10. Kody is without sufficient information to admit or deny. The allegations of Paragraph 10 are therefore denied.

11. Kody is without sufficient information to admit or deny. The allegations of Paragraph 11 are therefore denied.

12. Kody is without sufficient information to admit or deny. The allegations of Paragraph 12 are therefore denied.

13. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody admits that Plaintiff brought his vehicle to Kody's service department on or about January 25, 2023 for maintenance, and that texts were exchanged with Plaintiff on that date pertaining to the service undertaken. Any remaining allegations of Paragraph 13 are denied.

14. Denied. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text messages.

15. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text message. Kody is also without sufficient information to admit or deny what Plaintiff heard, felt, or saw, and therefore denies the remaining allegations of Paragraph 15.

16. Denied. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text message.

17. Denied. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text message.

18. Denied. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text message.

19. Denied. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text message.

20. Denied. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text message.

21. Denied. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text message.

22. Denied. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text message.

23. Denied. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text message.

24. Denied. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text message.

25. Denied. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text message.

26. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody admits that Plaintiff brought his vehicle to Kody's service department on or about January 25, 2023 for maintenance, but denies the remaining allegations of Paragraph 26. Kody is specifically without sufficient information to admit or deny whether Plaintiff ever "opted in" or replied "stop" to opt out of any messages and therefore denies the same.

27. Kody is without sufficient information to admit or deny, based on the limited information set forth in the Complaint, and therefore denies the allegations of Paragraph 27.

28. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text messages. The allegations of Paragraph 28 are therefore denied.

29. Based on the limited information set forth in the Complaint, Kody is without sufficient information to admit or deny the allegations set forth in Paragraph 29 and therefore denies the same.

30. The allegations of Paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, it is unclear what "Declaratory Ruling" is being referenced. The allegations of Paragraph 30 are therefore denied as phrased. Kody denies that Paragraph 30 accurately sets forth the full framework through which the TCPA and Plaintiff's claims are to be examined.

31. To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text messages. The allegations of Paragraph 31 are therefore denied.

32. Denied. By way of further response, To the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text messages.

33. Denied. By way of further response, to the best of Kody's knowledge, based on the limited information set forth in the Complaint, Kody denies sending the alleged text messages. Any allegations of Paragraph 33 alleging that policies were not followed are therefore denied.

34. Based on the limited information set forth in the Complaint, Kody is without sufficient information to admit or deny the allegations of Paragraph 34 and therefore denies the same.

35. Based on the limited information set forth in the Complaint, Kody is without sufficient information to admit or deny the allegations of Paragraph 35 and therefore denies the same.

36. Based on the limited information set forth in the Complaint, Kody is without sufficient information to admit or deny the allegations of Paragraph 36 and therefore denies the same.

37. Based on the limited information set forth in the Complaint, Kody is without sufficient information to admit or deny the allegations of Paragraph 37 and therefore denies the same.

38. Denied.

39. Denied.

40. Denied.

41. Kody incorporates its responses to the allegations of Paragraphs 1-40.

42. The allegations of Paragraph 42 are legal conclusions to which no response is required. To the extent a response is required, Kody denies that Paragraph 42 accurately sets forth the full legal framework through which the alleged conduct is viewed pursuant to the body of law identified.

43. Based on the limited information set forth in the Complaint, Kody is without sufficient information to admit or deny the allegations of Paragraph 43 and therefore denies the same.

44. Based on the limited information set forth in the Complaint, Kody is without sufficient information to admit or deny the allegations of Paragraph 44 and therefore denies the same.

45. Based on the limited information set forth in the Complaint, Kody is without sufficient information to admit or deny the allegations of Paragraph 45 and therefore denies the same.

46. Denied.

47. Denied.

48. Denied.

49. Kody incorporates its responses to the allegations of Paragraphs 1-48.

50. The allegations of Paragraph 50 are legal conclusions to which no response is required. To the extent a response is required, Kody denies that Paragraph 50 accurately sets forth the full legal framework through which the alleged conduct is viewed pursuant to the body of law identified.

51. Based on the limited information set forth in the Complaint, Kody is without sufficient information to admit or deny the allegations of Paragraph 51 and therefore denies the same.

52. Denied.

53. Denied.

54. Kody denies that Plaintiff is entitled to any of the relief requested in the Wherefore clause following the caption "PRAYER FOR RELIEF", including any statutory, actual, compensatory, or treble damages, "fees," court costs(s) or any other relief.

55. Any allegation not expressly admitted is denied.

56. Kody reserves all rights concerning whether any issues are triable to a jury and whether the claims or remedies identified and/or sought must be tried before and decided by the Court.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof, Kody asserts the following defenses and reserves the right to amend, supplement, or withdraw defenses as discovery proceeds.

**<u>First Defense – Failure to State a Claim</u>**

The Complaint fails to state a claim upon which relief can be granted. 47 C.F.R. § 64.1601(e) does not create or support a privately enforceable cause of action or an independent damages remedy, and Plaintiff does not set forth *facts*, only conclusory labels, indicating that the alleged communications identified in the Complaint came from *Kody*, rather than some other party. Even to the extent they did, § 227(c)(5) regulates telephone calls. It does not, by its plain language, regulate text messages.

**<u>Second Defense – Improper Stacking</u>**

Plaintiff has not suffered compensable damages, and Plaintiff's statutory damages request impermissibly seeks separate statutory awards under 47 U.S.C. § 227(c)(5) for multiple alleged regulatory violations arising from the same communication, however that Section provides a single statutory remedy per communication.

**<u>Third Defense – No Willful or Knowing Violation</u>**

The Complaint fails to set forth facts, only conclusory labels, indicating or establishing that any alleged violation was made willfully or knowingly, as required to support Plaintiff's claim for enhanced damages.

**Fourth Defense – Safe Harbor**

Kody established and implemented, with due care, reasonable practices and procedures to prevent prohibited solicitations.

**Fifth Defense – Prior Permission**

Kody reserves the right to defend itself to the extent it uncovers during discovery that Plaintiff gave express permission for the communications alleged.

**Sixth Defense – Lack of Authorization / Agency**

The Complaint alleges broadly that unidentified employees, affiliates, 'insurers,' 'vendors,' or other third-party/ies acted on Kody's behalf. To the extent the alleged communications came from a third party, Kody reserves the right to defend itself to the extent it uncovers during discovery that such third parties lacked authority and that Kody did not initiate or cause the alleged communications at issue to be sent.

**Seventh Defense – Arbitration**

Kody reserves the right to compel arbitration to the extent it uncovers during discovery that Plaintiff and Kody agreed to arbitrate this dispute.

**Eighth Defense – Mitigation**

Plaintiff's damages claims should be barred or reduced to the extent he failed to mitigate any alleged damages, including by knowingly failing to reply "STOP" to messages that purportedly allowed him to opt, at any time, to not receive additional messages.

**Reservation of Defenses**

Kody hereby reserves all defenses available under the Federal Rules of Civil Procedure and applicable law, including defenses that may become available after discovery.

WHEREFORE, the defendant, Kody Imports III LLC, d/b/a Alexandria Toyota, by counsel, respectfully requests that the Court dismiss the Complaint with prejudice or enter judgment in the defendant's favor on all claims, deny Plaintiff's request for damages of any kind, costs, and all other relief, and grant the defendant other and further relief as the Court deems just and proper in the defendant's behalf.

Respectfully submitted,

KODY IMPORTS III LLC,
d/b/a Alexandria Toyota
By Counsel

BY: /s/ Evan M. Stepanick
Evan M. Stepanick, VSB No. 80967
WALTON & ADAMS, P.C.
1925 Isaac Newton Square, Suite 250
Reston, Virginia 20190
Tel: 703-790-8000 / Fax: 703-790-8016
estepanick@walton-adams.com
*Counsel for Defendant Kody Imports III LLC,*
*d/b/a Alexandria Toyota*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of August, 2026, a copy of the foregoing was filed via CM/ECF and also sent via first class mail, postage prepaid, to:

Beaufort Nickson
12639 Millstream Drive
Bowie, Maryland 20715
Tel: 202-215-0048
beaufortnickson@yahoo.com
*Plaintiff, Pro Se*

/s/ Evan M. Stepanick